IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EDDIE LYLES,**
**ADC #137756**                                                                                                    **PLAINTIFF**

v.                              Case No. 4:15-cv-548-KGB-BD

**MICHAEL HARDY, et al.**                                                                               **DEFENDANTS**

ORDER

The Court has received two Partial Recommended Dispositions from United States Magistrate Judge Beth Deere (Dkt. Nos. 7, 33). Plaintiff Eddie Lyles filed timely objections to the first Partial Recommended Disposition (Dkt. No. 12). No objections have been filed to the second Partial Recommended Disposition, and the time for filing any objections has passed. After a review of the Partial Recommended Dispositions, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts the Partial Recommended Dispositions in their entirety (Dkt. Nos. 7, 33).

The Court writes separately to address Mr. Lyles's objections to the first Partial Recommended Disposition (Dkt. No. 12). In his objections, Mr. Lyles contends that he should be permitted to maintain an action against each of the defendants in both their individual and official capacities, contrary to what Judge Deere recommends. Judge Deere recommends dismissing Mr. Lyles's claims against defendants Michael Hardy, Cherly Eoff, and Officer Edwards. Specifically, Mr. Lyles contends that Conway County officials "knew things about these people and looked over those matters and still allowed these people to be apart (sic) of their countys (sic) official system" (Dkt. No. 12, at 2). Mr. Lyles contends that defendant Cheryl Eoff, as a police officer, was involved in a shooting that resulted in the death of a 19-year-old

man and that defendant Michael Hardy has a history of allegedly mistreating inmates at the Faulkner County Jail.

In an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *Graham*, 473 U.S.at 165–66. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id*. It is not a suit against the official personally, for the real party in interest is the entity. *Id*.

In his complaint, Mr. Lyles named Mr. Hardy, Ms. Eoff, and Officer Edwards as defendants, not Conway County. Moreover, he has failed to point to any policy or custom, official or otherwise, of Conway County that played a part in defendants' alleged conduct. Finally, he has not alleged that Mr. Hardy, Ms. Eoff, or Officer Edwards were decisionmakers such that they could have set policy for Conway County as an entity.

The Court has also reviewed the Partial Recommended Disposition regarding Mr. Lyles's request for preliminary injunctive relief (Dkt. No. 33). No objections have been filed to this second Partial Recommended Disposition, and the time for filing any objections has passed. After a review of the second Partial Recommended Disposition, as well as a *de novo* review of the record, the Court adopts this second Partial Recommended Disposition in its entirety (Dkt. No. 33).

Accordingly, the Court dismisses Mr. Lyles's claims against Mr. Hardy, Ms. Eoff, and Officer Edwards in their official capacities only. The Court denies Mr. Lyles's motions for

preliminary injunctive relief (Dkt. Nos. 25, 27).  The Court agrees that, based on the allegations in Mr. Lyles's amended complaint, in addition to the claims previously raised in his original complaint, Mr. Lyles is permitted to add only his claim that Officer Edwards failed to intervene during the alleged use of excessive force by Mr. Hardy.  The Court dismisses without prejudice the other claims raised in Mr. Lyles's amended complaint as not related to the May 2015 assault.

It is so ordered this 29th day of December, 2015.

_____
Kristine G. Baker
United States District Court Judge